DEFIANCE FRUIT COMPANY

*v.*

THOMAS C. FOX.

[Decided November 22d, 1906.]

1. The bill averred that defendant maintained a mill-dam which caused backwater to overflow complainant's cranberry bogs. The answer denied that the dam occasioned the overflow of complainant's land and also set up a prescriptive right to maintain the dam as it was.—*Held,* that the court of chancery is without jurisdiction to try these issues.

2. The bill is retained to enable complainant to establish its right at law because the answer failed to deny the jurisdiction of the court, and the bill sought mandatory relief which could be appropriately granted after complainant's right at law should be established.

On bill for injunction.

The bill in this cause is filed to procure an injunction to restrain defendant from backing water, by means of a dam, upon complainant's lands, and to compel defendant to remove the dam. The bill alleges that complainant is the owner of land on either side of an ancient water course called "Scotland Branch." That complainant's land, adjacent to the water course, is in use as a cultivated cranberry bog which requires the use of the stream in its natural condition for drainage. That defendant has for a great many years maintained a dam across the water course at a point below complainant's land for the purpose of obtaining water power with which to operate his mill, and has recently raised the level of the pond formed by the same so that the water backs up and overflows complainant's land and cranberry bogs causing complainant irreparable injury, and that defendant threatens to raise the water even higher.

The answer denies any knowledge as to complainant's ownership of the land in question, and denies that defendant has at any time raised the level of the water so that it backs up to complainant's land or injures it or the cranberry bogs, and denies any threats or intention upon defendant's part to raise the water higher, and avers that any excess of water at complainant's land is caused by improper discharge of water from a mill-dam on the same stream above complainant's land and also by clogging of the channel of the stream at and below complainant's lands. The answer further avers that the dam of defendant and the waters held by the dam have been maintained by defendant as they now are for more than twenty years continuously next preceding the filing of the bill.

*Mr. George J. Bergen* and *Mr. John W. Wescott,* for the complainant.

*Mr. Henry S. Alvord,* for the defendant.

LEAMING, V. C.

This cause coming on for final hearing I have, on my own motion, declined to proceed further until complainant shall have established his rights at law.

It is, in this state, well settled that this court will not adjudicate controversies of this class unless defendant's misconduct shall be admitted or shall have been established at law against him. The present case is essentially similar to *Outcalt* v. *George W. Helme Co., 42 N. J. Eq. (15 Stew.) 665.* The complainant's right to relief is not admitted, and cannot be made clear until the defendant's averments are overthrown, and there is in this case no other circumstance to warrant the interposition of a court of equity before the right is established at law. Complainant relies upon *Carlisle* v. *Cooper, 21 N. J. Eq. (6 C. E. Gr.) 576.* In that case the legal right of complainant was admitted, and the object of the bill was to ascertain the extent of the right and to protect it in a manner not attainable by legal procedure.

There is in the present case, however, one element of which this court may take cognizance. I refer to the allegation of the bill that defendant has threatened to raise the water higher than it now is or has been. The answer denies such threat and disclaims such purpose, and makes no claim of right to raise the water higher than its present level. The issues as presented may be said to admit the right of complainant to protection against a higher level of the water. If, therefore, complainant desires to proceed to establish the fact that defendant threatened and at the date of the filing of the bill intended to raise the level of the water to the injury of complainant the cause may proceed to hearing at once on that issue alone, otherwise the cause will be held in its present condition until complainant shall have had a reasonable time to establish its right at law.

I shall hold the cause and not dismiss the bill for the reason that the answer in no way denies the jurisdiction of this court as to the matters in which I hold this court is without jurisdiction, and also because one object of the bill is to secure affirma-

tive relief to remove the obstruction, a relief which can be appropriately adjusted in this cause should complainant succeed in the establishment of its right at law. See *Todd* v. *Staats, 60 N. J. Eq.* (*15 Dick.*) *507.*